IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

DON GALLOWAY,

        Petitioner,

v.                                     Case No. 5:17-cv-00993

DONNIE AMES, Superintendent,
Mount Olive Correctional Complex,[1]

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Irene C. Berger, United States District Judge and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. 636(b)(1)(B). Pending before the court are the respondent's Motion to Dismiss Without Prejudice or for Stay Due to Petitioner's Failure to Exhaust His State Remedies (ECF No. 7) and the petitioner's Motion to Stay (ECF No. 10).

## PROCEDURAL HISTORY OF PETITIONER'S CASE

### *The petitioner's state court criminal proceedings*

On July 15, 2008, the petitioner was indicted by a Summers County grand jury on two counts of possession with intent to deliver a controlled substance (Counts One and Two); one count of intimidation of and retaliation against public officers (Count Three);

---

[1] The proper respondent in a habeas corpus proceeding is the petitioner's current custodian. The current Superintendent at the Mount Olive Correctional Complex is Donnie Ames. Accordingly, the Clerk is directed to modify the style of the case, including the short style at the top of the docket sheet to reflect that Donnie Ames is substituted as the respondent herein.

three counts of battery on a police officer (Counts Four, Five, and Six); and one count of obstructing an officer (Count Seven). *State v. Galloway*, No. 08-F-35. (ECF No. 7, Ex. 1). The charges stemmed from a search of the petitioner's residence at 140 Railroad Avenue, in Hinton, West Virginia, on March 1, 2008, pursuant to a search warrant, and the seizure of controlled substances found in the residence during the search. The search warrant was issued by a Summers County Magistrate J.W. Jeffries, upon an Affidavit executed by Summers County Deputy Sherriff James Chellis, who contended that his office had received several anonymous calls concerning an alleged large shipment of drugs to the property, prior alleged surveillance of the property, and the property's alleged reputation for drug activity.

The petitioner, by counsel, filed a Motion to Suppress Seized Evidence. On January 30, 2009, the Circuit Court of Summers County held a hearing on the petitioner's motion, during which Deputy Sheriff Chellis testified. (*Id.*, Ex. 2).[2] Following the hearing, the Circuit Court found that the State had established probable cause for the search warrant and that the seized evidence was admissible. Thus, the court denied the petitioner's Motion to Suppress on February 5, 2009. (*Id.*)

The petitioner was tried by a jury on February 4 and 5, 2010, and was found guilty of Count Two of the indictment charging him with possession with intent to deliver a controlled substance (Xanax) and not guilty on all of the other charges. (*Id.*, Ex. 3). On February 18, 2010, the State filed a recidivist information, pursuant to W. Va. Code § 61-11-19, alleging that the petitioner was the same person who had previously been convicted of three felony offenses – a 2004 voluntary manslaughter, a 2000 possession with intent

---

[2] The transcript of the suppression hearing is not presently part of the record before this court.

to deliver a controlled substance, and a 1994 sexual assault in the third degree – and seeking to have him sentenced to life imprisonment. (*Id.*, Ex. 4). The petitioner's recidivist trial was conducted on February 23, 2010, and the jury found that he was the same person who had been convicted of the three felonies as described in the information. (*Id.*, Ex. 5). Accordingly, on February 24, 2010, the Circuit Court sentenced the petitioner to life in prison. (*Id.*)

*The petitioner's direct appeal*

The petitioner appealed to the Supreme Court of Appeals of West Virginia (the "SCAWV") asserting a single ground for relief concerning the legality of the search of his residence that led to the discovery of the controlled substances that formed the basis of his conviction. He contended that:

> Deputy Chellis did not present sufficient evidence within the affidavit or the search warrant itself to establish probable cause. Therefore, the search of Mr. Galloway's home was illegal and all the evidence seized during the search must be suppressed. The search violated the Fourth Amendment to the United States Constitution and Article III, Section 6 of the West Virginia Constitution.

(*Id.*, Ex. 6 at 12). The Petition for Appeal included four arguments in support of this claim:

> a.   Deputy Chellis failed to include any information within the four corners of the warrant or the affidavit in support of the warrant to demonstrate the anonymous callers' veracity, reliability, or the basis of their knowledge regarding the shipment of drugs that was supposedly at 140 Railroad Ave, as is *required* by law. Therefore, the issuance of the warrant by the magistrate was improper. The trial court erred when it upheld the validity of the warrant in this case.
>
> b.   The State conceded in its response to defense counsel's Bill of Particulars that no attempts were made to corroborate the representations of the anonymous callers. Therefore, according to this Court's precedent, the warrant to search Mr. Galloway's home was invalid and all of the evidence recovered during that search must be suppressed.

3

    c.    The circuit court erred in considering testimony concerning information not contained in the search warrant affidavit, over trial counsel's objection, to improperly bolster the sufficiency of the affidavit which in this case was bare bones and did not support the magistrate's finding of probable cause. Therefore, the search of Mr. Galloway's home was illegal and his conviction must be reversed as it was based solely on evidence recovered during the illegal search.

    d.    Deputy Chellis, a trained officer of the law for approximately two and a half years at the time of his request for the search warrant, knew or should have known that the information supplied to the magistrate did not constitute probable cause to search Mr. Galloway's home. The information was also provided in a reckless disregard for the truth. This reckless presentment of facts was successful because the magistrate failed to properly examine for the presence of probable cause in a neutral and detached manner. Deputy Chellis did not have reasonable grounds to believe the warrant was properly issued and as a result all evidence recovered during the search of Mr. Galloway's home should be suppressed.

(*Id.* at 2). The State filed a responsive brief on January 11, 2011. (*Id.*, Ex. 7).

On March 11, 2011, the SCAWV issued a Memorandum Decision affirming the judgment of the Circuit Court and finding "no clear error in the circuit court's denial of the motion to suppress." *State v. Galloway*, No. 101185 (W. Va. Mar. 11, 2011). (*Id.*, Ex. 8). The Supreme Court of the United States denied the petitioner's petition for a writ of certiorari on October 3, 2011, and the petitioner's judgment became final on that date. *Galloway v. West Virginia*, 565 U.S. 914 (2011). (*Id.*, Ex. 9).

<u>The petitioner's state court habeas corpus proceedings</u>

On December 23, 2011, the petitioner filed a *pro se* Petition for a Writ of Habeas Corpus in the Circuit Court of Summers County. *Galloway v. Berlin,* No. 12-C-1. (*Id.*, Ex. 10). The *pro se* petition raised the following grounds for relief:

    1.    Trial court's order is incorrect [from 1-30-09 Suppression Hearing] Deputy Chellis testified falsely.

    2.    Denial of my Due Process Rights. My right to preliminary full and fair hearings concerning charges brought against me (Xanax charge).

      3.      Prosecution misconduct/malicious prosecution.

      4.      Ineffective assistance of counsel (Jason Parmer) from 03-08 to 06-09.

      5.      Ineffective assistance of counsel (Jason Grubb) 10-09 until 02-10.

      6.      2004 involuntary manslaughter no-contest conviction illegally used against me for enhancement purposes.

      7.      Deputy Chellis was allowed to testify falsely and withhold evidence helpful to defense.

      8.      Jury misconduct (Andy Ward) 2-4-10 Trial.

      9.      The search violated my Fourth Amendment rights.  Mere suspicion alone is not enough to warrant search warrant.

(*Id.*)

On May 1, 2014, the petitioner, by court-appointed counsel, Paul Cassell, filed an Amended Petition.  (*Id.*, Ex. 12).  The Amended Petition asserted the following grounds for relief:

      A.      Petitioner's state and federal constitutional rights were violated by the ineffective assistance of trial counsel.

            1.      Trial counsel was ineffective in failing to properly investigate and undermine the inadequate search warrant.

            2.      Trial counsel was ineffective in failing to properly address the Xanax charge.

            3.      Trial counsel was ineffective and petitioner's due process rights were violated with regard to juror Ward.

            4.      Trial counsel was ineffective in preventing the prosecutor from shifting burden of proof during cross-examination.

            5.      Counsel was ineffective in explaining the effect of the state's promise not to enhance the 2004 voluntary manslaughter case.

> B.    Petitioner's federal and state constitutional rights were violated by his disproportionate sentence.
>
> C.    Petitioner's federal and state constitutional rights were violated by the effects of cumulative error.
>
> D.    Petitioner also asserts all additional grounds raised in his *pro se* petition and the *Losh*[3] checklist filed herewith.

(*Id.*) The petitioner also filed a Memorandum of Law in support of his Amended Petition. (*Id.*)

On August 14, 2015, the Circuit Court of Summers County conducted an omnibus hearing on the petitioner's Amended Petition.[4] By Order entered on September 18, 2015, the Circuit Court denied the petitioner's Amended Petition. (*Id.*, Ex. 13). The petitioner, by counsel, appealed to the SCAWV. The petitioner's appellate brief raised the following grounds for relief:

> 1.    The trial court erred in failing to provide relief pursuant to the petitioner's claim that his state and federal constitutional rights were violated by the ineffective assistance of trial counsel.
>
>> a.    The trial court should have granted relief because trial counsel failed to adequately investigate and challenge an illegal search warrant.
>>
>> b.    The trial court should have granted relief because trial counsel failed to properly investigate and defend the charge on which petitioner was ultimately convicted.
>>
>> c.    The trial court should have granted relief because trial counsel failed to adequately protect petitioner's rights regarding a biased juror.

---

[3] *See Losh v. McKenzie*, 277 S.E.2d 606 (W. Va. 1981), in which the SCAWV held that an omnibus hearing under W. Va. Code § 53-4A-1 is *res judicata* as to all matters raised therein, or those claims which should have, with reasonable diligence, been known to the petitioner. The failure to raise claims under those circumstances may constitute a knowing and intelligent waiver of such claims and bar them from consideration in future proceedings.

[4] The transcript of the omnibus hearing has not presently been made a part of the record before this court.

      d.     The trial court should have granted relief because trial counsel failed to prevent the prosecutor from improperly shifting the burden of proof.

      e.     The trial court should have granted relief because of trial counsel's inadequate advice regarding the Habitual Criminal Act.

      f.     The trial court should have granted relief because of trial counsel's failure to fully litigate and appeal the trial court's denial of a severance.

2.     The trial court erred in failing to provide relief pursuant to petitioner's claim that his federal and state constitutional rights were violated by his disproportionate sentence.

3.     The trial court erred in failing to provide relief pursuant to petitioner's claim that his state and federal constitutional rights were violated by the effects of cumulative error.

(*Id.*)  Following full briefing, the SCAWV affirmed the judgment of the Circuit Court and adopted and incorporated the Circuit Court's analysis in a Memorandum Decision issued on September 19, 2016.  *Galloway v. Ballard*, No. 15-1005, 2016 WL 5210850 (W. Va. Sept. 19, 2016).  (*Id.*, Ex. 17).

*The petitioner's section 2254 petition*

On January 27, 2017, the petitioner filed the instant section 2254 petition raising the following grounds for relief:

1.     Ineffective assistance of counsel.  The failure of petitioner's trial [counsel's] representation was woefully inadequate and created severe prejudice to the petitioner in several ways.  Failure to preserve constitutional issues for direct appeal, failure to seek relief in pre-trial and post-trial motions.  Mr. Grubb's failure to have a juror removed and his failure to renew a motion to suppress is expressly contemplated by the rules of criminal procedure when [new] evidence comes to light at trial as what happened at petitioner's trial when Deputy James Chellis changed his testimony from making controlled drug buys and arrests at petitioner's home to never making controlled drug buys and drug arrests is a major failure against petitioner's attorney.

      A.    Trial counsel failed to adequately investigate and challenge an illegal search warrant.

      B.    Trial counsel failed to adequately protect petitioner's rights regarding a biased juror.

2.    State's knowing use of perjured testimony.

3.    Prosecution Misconduct.

4.    Cumulative error.

5.    Violation of my Fourth Amendment.

(*Id.*)

Additionally, in the petitioner's Memorandum in Support of § 2254 Petition, it appears that he is raising a new claim of ineffective assistance of counsel concerning the failure of his appellate counsel, Crystal L. Walden, to notice that the SCAWV had an incomplete record because the Order denying the petitioner's motion to suppress was missing two pages. (ECF No. 1-1 at 59). The petitioner further asserts that this denied him due process of law under the Fourth and Fourteenth Amendments. (*Id.*) The petitioner claims that he was unaware of the incomplete record until his habeas counsel mailed it to him. He states that he asked Mr. Cassell to file a Motion for Reconsideration, but he refused to do so. (*Id.*) The petitioner then attempted to file a *pro se* Motion for Reconsideration in the SCAWV, but the Clerk of Court declined to accept it since he was represented by counsel. (*Id.* at 60). Thus, the petitioner's Memorandum asserts that the state courts have "expressed an unwillingness to afford this Petitioner a fair hearing of his case" and that "there is no available corrective process at the state level." (*Id.*)[5]

---

[5] Nonetheless, following the filing of the respondent's Motion to Dismiss or alternative Motion for Stay and Abeyance (ECF No. 7), the petitioner filed his own Motion for Stay and Abeyance (ECF No. 10), requesting that this court stay these proceedings to allow him to return to the state courts to attempt to exhaust his unexhausted claims.

### *The respondent's Motion to Dismiss or Motion for Stay and Abeyance*

On March 30, 2018, the respondent filed the instant Motion to Dismiss Without Prejudice or For Stay Due to Petitioner's Failure to Exhaust His State Remedies, with exhibits (ECF No. 7), and a Memorandum of Law in support thereof (ECF No. 8). The respondent contends that the petitioner has included more extensive claims of ineffective assistance of counsel in Ground One of his section 2254 petition, which were not addressed in the same context, if at all, in his state proceedings. Additionally, the respondent contends that the petitioner has not raised Grounds Two and Three of his section 2254 petition concerning the knowing use of false testimony and prosecutorial misconduct at all in the state courts. Thus, the respondent asserts that these claims have not been properly exhausted.

In the alternative, the respondent contends that Grounds Two, Three, and Five of the petitioner's section 2254 petition are not cognizable in federal habeas corpus because they all arise out of the petitioner's contention that there was not probable cause for the issuance of the search warrant for his residence where the controlled substances were found. The respondent contends that these claims are grounded in the Fourth Amendment and that the petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in the pre-trial suppression hearing, and again on direct review. Accordingly, the respondent contends that the petitioner is barred from revisiting those claims and that they should be dismissed. *See Stone v. Powell*, 428 U.S. 465, 494 (1976). (ECF No. 8 at 5-7).

### *The petitioner's Motion for Stay and Abeyance*

On May 11, 2018, the petitioner filed his Motion for Stay and Abeyance (ECF No. 10). However, before requesting that the court grant a stay and abeyance to allow him to

return to the state courts to adjudicate any unexhausted grounds for relief, he contends that Grounds Two and Three of his section 2254 petition were exhausted because his habeas counsel "assured him those grounds . . . [were] a part of petitioner's State Pro Se petition in grounds 3 and 7 and that they were properly raised in petitioner's brief to the [SCAWV]." (*Id.* at 3). The petitioner further asserts that his additional claim of ineffective assistance of appellate counsel should be considered exhausted because he attempted to raise it in his *pro se* Motion for Reconsideration submitted to the SCAWV; thus, he contends that he gave the SCAWV "a chance to rule on that issue along with other constitutional issues." (*Id.*)

The petitioner further contends that his "opportunity for a full and fair litigation of his Fourth Amendment claim or claims was 'impaired,'" by Deputy Chellis's false testimony during the suppression hearing and by his counsel's failure to challenge that evidence on direct appeal, which caused him prejudice and irreparable harm in getting his case reversed. Thus, he objects to the respondent's characterization that Grounds Two, Three, and Five of his section 2254 petition are not cognizable or otherwise barred from review in this federal court. (*Id.* at 3-4). These matters are ripe for adjudication.

## **APPLICABLE STATUTES AND CASE LAW**

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

10

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Furthermore, section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion.  *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Where a petitioner has failed to exhaust his state court remedies, generally, the federal petition should be dismissed.  *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV.  *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545.  A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV.  However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies.  *See Moore*, 879 F. Supp. at 593; *McDaniel,* 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997)).

## ANALYSIS

A petitioner may only file one section 2254 petition concerning a particular conviction, and any claims raised in a second or successive petition, absent one of the enumerated statutory exceptions and authorization by the appellate court to file a second or successive petition, must be dismissed.  28 U.S.C. §§ 2244(b)(2) and (3).  Additionally, as noted above, there is a one-year statute of limitations for filing a section 2254 petition. The parties herein agree that the statute of limitations under section 2255(f)(1) had not run at the time that the petitioner filed his section 2254 petition, but it continued to run and has now expired with respect to his unexhausted claims.  *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (A section 2254 petition is not an "application for state post-conviction or other collateral review."  Therefore, it does not toll the statute of

limitations).  Thus, a complete dismissal of his petition would render any renewed or subsequent petition untimely.

The United State Supreme Court addressed the issue of staying section 2254 proceedings in *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  The Court granted certiorari to resolve a circuit split and held that a district court has discretion to stay a petition to allow a petitioner to present his unexhausted claims to the state court, but only in limited circumstances.  The Court ruled that "stay and abeyance is only appropriate when the district court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court."  *Id.*  The respondent's motion documents herein indicate that he does not oppose a stay and abeyance to enable the petitioner to attempt to exhaust his state court remedies concerning any unexhausted claims.  Before proposing a ruling on whether a stay is appropriate herein, the undersigned will address the exhaustion status of each of the claims contained in the petitioner's section 2254 petition.

In Ground One of his petition, the petitioner raises two claims of ineffective assistance of trial counsel.  The undersigned believes that these claims were exhausted through both levels of the petitioner's state habeas corpus proceedings.  However, the petitioner's Memorandum of Law in support of his section 2254 also raises, for the first time, a claim that his appellate counsel was ineffective for failing to notice and address the fact that the appellate record was missing two missing pages of the Order denying his motion to suppress, which he further claims denied his due process rights because the SCAWV did not consider a complete record.  These additional issues were not properly exhausted in the state court proceedings.

In Ground Two of his petition, the petitioner asserts that the State knowingly used the perjured testimony of Deputy Chellis at the suppression hearing.  In Ground Three he

claims that the use of Deputy Chellis's false testimony constituted prosecutorial misconduct. Neither of these claims were raised in this context in the petitioner's state court proceedings. Rather, any argument concerning Deputy Chellis's suppression hearing testimony was addressed only in terms of whether the petitioner's trial counsel inadequately attacked such testimony in order to defeat the finding of probable cause in the pre-trial and trial proceedings and failed to preserve such issues for consideration on appeal. Thus, Grounds Two and Three of the petition are unexhausted.

In Ground Four of his petition, the petitioner asserts a claim of cumulative error resulting from all of the claimed errors in his criminal proceedings. The petitioner's claim of cumulative error was addressed at both levels of the state court habeas corpus proceedings. Thus, Ground Four is exhausted.

In Ground Five of his petition, the petitioner asserts that his Fourth Amendment rights were violated by Deputy Chellis's allegedly false testimony at the suppression hearing and trial which should have defeated a finding of probable cause for the search of his home. The petitioner contends that some of the alleged fabrications in Deputy Chellis's testimony did not become apparent until the omnibus habeas corpus hearing before the circuit court. Thus, the petitioner contends that he has been denied a full and fair hearing of his Fourth Amendment claims concerning the search warrant and that he was further denied the ability to preserve such issues for appeal. It appears that this claim was not properly exhausted through the petitioner's state habeas corpus proceedings.

The undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2254 petition is a mixed petition containing both exhausted and unexhausted claims. Additionally, the court has insufficient evidence of record before it to determine whether the petitioner had a full and fair opportunity to litigate his claims

grounded in the search and seizure of evidence from his residence. Thus, the court cannot determine from the present record whether Grounds Two, Three, and Five are cognizable in federal habeas corpus, but they are certainly not fully exhausted. Thus, the state courts should have an opportunity to first review these claims.

The parties have agreed to a stay and abeyance in this matter to allow the petitioner to return to the state courts to attempt to adjudicate his unexhausted claims. The petitioner's section 2254 petition was timely filed, with approximately 187 days remaining under the one-year statute of limitations at the time the section 2254 petition was filed. However, such filing did not toll the statute of limitations as to any unexhausted claims, and the statute of limitations continued to run as to those claims until it expired on or about August 2, 2017. *See Duncan, supra*, 533 U.S. at 181. Therefore, a dismissal of the petition at this juncture would render any renewed petition untimely. Accordingly, the undersigned proposes that the presiding District Judge **FIND**, pursuant to the holding in *Rhines v. Weber*, 544 U.S. at 277, the parties' requests for a stay and abeyance of these proceedings is warranted under the circumstances.

## RECOMMENDATION

For good cause shown, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion For Stay Due to Petitioner's Failure to Exhaust His State Remedies (ECF No. 7-2), and the petitioner's Motion for Stay and Abeyance (ECF No. 10), and **HOLD IN ABEYANCE** the petitioner's section 2254 petition, pending his exhaustion of available state court remedies. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** the respondent's Motion to Dismiss Petition (ECF No. 7-1).

It is further respectfully **RECOMMENDED** that the presiding District Judge **DIRECT** the Clerk to transfer this matter to the inactive docket until further order of the court.  It is further respectfully **RECOMMENDED** that the presiding District Judge **ORDER** the petitioner to notify the court and the respondent, within 14 days of the resolution of any additional state habeas proceedings, of the result thereof, and of his intent to proceed with this matter.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the petitioner, and to transmit a copy to counsel of record.

December 11, 2018

Dwane L. Tinsley
United States Magistrate Judge