**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

DON GARFIELD GALLOWAY,

      Petitioner,

v.                                     Case No. 5:17-cv-00993

DONNIE AMES, Warden,
Mount Olive Correctional Complex,

      Respondent.

**ORDER AND NOTICE**

**A.**    **Petitioner's Motion to Add New Grounds to Petition.**

Pending before the Court is Petitioner's Motion to Add New Grounds (ECF No. 18), filed as a supplement to the petition, in which he requests permission to add new grounds to his petition for a writ of habeas corpus under 28 U.S.C. § 2254 following the denial of his second state habeas corpus petition.  This matter was stayed pending the completion of those proceedings.  The stay has been lifted and this matter is ready to proceed.

It is hereby **ORDERED** that Petitioner's Motion to Add New Grounds/Supplement (ECF No. 18) is **GRANTED** to the extent that Petitioner may file an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by **March 10, 2023**.  However, Petitioner is hereby **NOTIFIED** that he may only pursue claims that have been properly exhausted through his state court proceedings.  *See* 28 U.S.C. § 2254(b)(1)(A).

Pursuant to the provisions of Rule 81(a)(2), Fed. R. Civ. P., and Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, it is further **ORDERED** that Respondent shall file an answer or other pleading to the Amended Petition and shall file such transcripts and exhibits as may be relevant, on or before **April**

**10, 2023.**  Petitioner, at his option, may file a reply, which shall be due on or before **April 30, 2023.**

    **B.**    **Petitioner's Motion for Bond.**

    Also pending is Petitioner's Motion for Bond (ECF No. 23) seeking Petitioner's release on bond pending review of his § 2254 petition and the pendency of these proceedings.  Petitioner claims that he is 54 years old, suffers from heart disease, nerve damage, and gum disease, and asserts that he has spent 13 years in custody "on an unlawful, non-violent, fraudulent conviction that is racially motivated."  (*Id.* at 1).  He further claims that law enforcement officers and prosecutors engaged in misconduct to fabricate charges and evidence about controlled buys to arrest and convict him, resulting in "constitutional violations, due process, ineffective assistance of various counsel, police and prosecution misconduct, this case is truely [sic] a miscarriage of justice."  (*Id.* at 3).  Thus, he contends that he has "presented a substantial claim of law and fraud that has demonstrated exceptional circumstances" warranting his release on bond.  (*Id.*)

    A federal district court has inherent authority to release an inmate on bail or surety pending the court's decision on a petition for writ of habeas corpus.[1]  However, the standard for granting such relief is quite high.  *See Johnson v. Nelson*, 877 F. Supp. 569, 570 (D. Kan. 1995) (citing *Landano v. Rafferty*, 970 F.2d 1230 (3rd Cir. 1991) (precedent identified for federal court's authority to grant bail to state prisoner prior to ruling on the prisoner's habeas corpus petition); *Marino v. Vasquez*, 812 F.2d 499 (9th Cir. 1987) (recognition by courts that Rule 23 of the Federal Rules of Appellate procedure governs a

---

[1] While it appears that the United States Court of Appeals for the Fourth Circuit has not directly addressed this issue in a published opinion, it has issued unpublished opinions upholding the denial of motions for bail or bond filed by state habeas petitioners. *See e.g., Tucker v. Johnson,* 351 F. App'x 794 (4th Cir. 2009); *Battle v. Barnett*, 977 F.2d 571 (4th Cir. 1992) (per curiam) (unpublished table decision); *Miles v. Melbourne,* 833 F.2d 1005 (4th Cir. 1987) (per curiam) (unpublished table decision).  Moreover, this issue appears to be well-settled in several of our sister circuits.

federal court's release of state prisoner seeking federal habeas corpus relief); and *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981)).

"A person seeking interim release during pursuit of habeas remedies faces . . . a formidable barrier created by the fact of the conviction and the state's interest in executing its judgment." *Miles v. Melbourne*, 833 F.2d 1005 (4th Cir. 1987) (citing *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972)); *see also Thomas v. Newton*, No. 2:19-cv-003179, 2020 WL 8970795, *13-14 (D.S.C. July 24, 2020) (recognizing that principles of federalism and fact of conviction present "formidable barrier" to post-conviction release on bond); *Appleby v. Warden NRJ & CF*, No. 3:05-cv-87, 2007 WL 3046296, at *13 n.6 (N.D.W. Va. Oct. 17, 2007), *aff'd sub nom. Appleby v. Warden, N. Reg'l Jail & Corr. Facility*, 595 F.3d 532 (4th Cir. 2010) (same).  "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).  Therefore, "[r]elease of a state prisoner pending consideration of the habeas corpus petition is reserved for the extraordinary case." *Greenup v. Snyder*, 57 F. App'x 620, 621 (6th Cir. 2003) (citing *Lee*, 989 F.2d at 871).

Generally, a court must determine whether the petitioner has raised a substantial constitutional issue on which he is likely to prevail, and whether extraordinary or exceptional circumstances exist which either warrant the requested relief or require release to make the writ of habeas corpus an effective remedy.  *See, e.g., Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986); *Pfaff, supra*, 648 F.2d at 693; *Johnson v. Nelson*, 877 F. Supp. at 570.  A habeas petitioner must show "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making

[the motion for bail] exceptional and deserving of special treatment in the interest of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct 3, 5 (1964) (Douglas, J., in Chambers)).  In *Dotson*, the Sixth Circuit recognized that there would "be few occasions where a prisoner will meet this standard" and that "as a practical matter, the motions for bail will be denied in most of the habeas proceedings." *Id.*; *see also Gideon v. Treglia*, No. 3:21-cv-2087, 2021 WL 6031492, at *2 (N.D. Ohio Dec. 21, 2021) (noting that courts have limited exceptional circumstances warranting release during review "to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition.") (quoting *Blocksom v. Klee*, No. 11-cv-14859, 2015 WL 300261, at *4 (E.D. Mich. Jan. 28, 2015)).

Here, Petitioner's listed health conditions, standing alone, do not meet the "high bar" to be an exceptional circumstance.  *See Jefferson v. Ohio*, No. 3:18-cv-00779, 2020 WL 1983065 (N.D. Ohio Apr. 27, 2020) (petitioner suffered from bronchitis and epilepsy and was denied release based on fear of COVID-19-related outcomes); *McNaught v. United States*, No. 08-cv-002998, 2009 WL 1181266, at *2 (S.D.N.Y. Apr. 29, 2009) (petitioner suffering from a stroke, vertigo, and dizziness, caused by Meniere's Syndrome, and a major depressive disorder did not constitute extraordinary circumstances); *Centofanti v. Neven*, No. 2:13-cv-01080, 2020 WL 2114360 (D. Nev. May 4, 2020) (no exceptional circumstances for petitioner with stage four Hodgkin's lymphoma, diminished lung capacity, and a possible undiagnosed heart condition fearing high risk of complications from COVID-19).  Petitioner's motion summarily lists that he has heart disease, nerve damage, and gum disease, without any further explanation or argument

concerning the seriousness of those conditions or how they constitute extraordinary circumstances warranting his release.

Moreover, despite Petitioner's assertions that he has presented substantial claims for relief, the matter is not in a procedural posture to assess such claims at this juncture. Petitioner has been granted leave to amend his federal habeas corpus petition to address additional claims that were purportedly exhausted and denied through his second round of state habeas corpus petitions.   Thus, the record before this court is presently insufficient to assess the substance or merits of his claims.

Presently, Petitioner has not shown he has a substantial claim or deteriorating health conditions sufficient to warrant release while the court considers his § 2254 petition, which is pending amendment.   Therefore, the Court finds that he has not demonstrated "extraordinary circumstances" to support a finding that this is the "very unusual case" where a habeas petitioner should be released pending a determination on the merits.   Accordingly, it is hereby **ORDERED** that Petitioner's Motion for Bond (ECF No. 23) is **DENIED**.

The Clerk is directed to mail a copy of this Order to Petitioner and counsel of record.

ENTER:      February 3, 2023

Dwane L. Tinsley
United States Magistrate Judge